Good morning, Your Honor. Anand Krishnaswamy, certified law student representing Ms. Destinni Mardesich. I'd like to reserve three minutes for rebuttal. Okay, watch your time, please. Thank you. In this matter, the District Court erred when it found that the statute of limitations began to run at the conclusion of the Ventura County Administrative Appeal, where Ms. Mardesich was not challenging the lawfulness of her confinement. But weren't the substance of her claims, 1 through 3, challenging the review of the Superior Court? Doesn't this weaken your argument that you are challenging just a sentence? No, Your Honor, for two reasons. While there were overlapping issues in the Ventura County Administrative Appeal and in the Orange County Resentencing Appeal, Ms. Mardesich, in Federal District Court, is challenging the lawfulness of her current confinement. But her current confinement was caused by the Orange County Resentencing. What Ms. Mardesich is essentially challenging is that the Orange County Resentencing Court found that the return order was lawful, and she is challenging that ruling by the Orange County Resentencing Judge. But when I look at your habeas petition, I see that the first three claims are talking about the constitutionality of the administrative order under 1737.1. And the fourth claim, which is not before us, is specifically challenging the resentencing. So just the nature of how you define those claims appears to be discussing the administrative procedure and the lawfulness of that statute, which is placed only on the board, not on the court. That is true, Your Honor, but the Ventura County Administrative Proceedings was not proper for two reasons. In the Ventura County Proceedings, while she was challenging issues related to the process by which the Youthful Offender Parole Board came to its conclusion to return her to Superior Court, Ms. Mardesich only had limited relief in that Ventura County administrative action. She could only ask for an invalidated hearing. Meanwhile, in Orange County... But why does that matter for purposes of the statute of limitations? Well, what Ms. Mardesich is challenging in federal court is the lawfulness of her current confinement. And that confinement resulted from the Orange County Superior Court's resentencing. What the Orange County Superior Court was required to do was to make a ruling on the lawfulness of the return order before it could impose a new sentence of 26 years to life as an adult offender. So what Ms. Mardesich is challenging is what that Orange County Resentencing Court did, and her only proper avenue to challenge the lawfulness of her confinement in federal court was after the conclusion of that resentencing action. What happened in Ventura County Administrative... How do the challenges to the 1737.1 challenge the resentencing? Help me understand that part. Yes, Your Honor. And the Orange County Resentencing Court was required to make a ruling on whether the return order was lawful or not. The statute... Well, in Torrey, the California, or it was our case, looking at the same issue, we said that the discretion of the Youthful Offender Parole Board is separate and distinct from the sentencing judge. And the administrative body has separate authority to determine whether the offender will be returned. So the sentencing court really had no role in that at all. Your Honor, the Youthful Offender Parole Board did have the authority to send Ms. Mardesich before the Superior Court, but that's where its authority was limited. The Youthful Offender Parole Board and the California Youth Authority cannot impose a sentence on Ms. Mardesich. In 1737.1, Welfare and Institutions Code, the statute makes clear that that power is limited to... The power to impose a new sentence on Ms. Mardesich is in the power of the Orange County Resentencing Court. So it simply cannot be the case that the Youth Authority and the Youthful Offender Parole Board can impose a 26 years to life sentence. That power is vested in the judiciary, and that power is in the Orange County Resentencing Court. So let me ask you this. If the Orange County Court had the power to resentence, and you have one claim that's specifically challenging the sentence, and so the argument that the statute of limitations runs from the Orange County Court's decision would certainly be correct as to that claim, it seems to me. Let's assume that's the case. If we think that the three other claims are challenging the administrative board's decision, is the fact that one of the claims comes within the statute of limitations, does that mean that all the three others do as well? Your Honor, what I would argue is that while there could be a claim-by-claim approach to the application or looking at the whole application approach, what we are arguing today is that the three claims, Claims 1 through 3, were actually timely filed because they were required, because they were timely filed because Ms. Mardesich properly challenged the lawfulness of those claims after the Orange County Resentencing Appeal. So whether this Court should take a claim-by-claim analysis or look at the entire application isn't exactly on point because the claims 1 through 3 weren't properly filed in this case. But if we disagree with you, how should we analyze that? In this case, Your Honor, I would ask that the Court would review it based on the application, and other circuits have ruled in that. I think Walker v. Crosby in the 11th Circuit, I believe, ruled that the Court should look at the application as a whole. All right. Do you concede, or if we conclude that 2244-D1-D applies, and that the event that triggered the statute of limitations was the denial of your client's administrative appeal, do you concede that the petition is untimely? No, Your Honor. And again, the issue that Ms. Mardesich is challenging in federal court is the lawfulness of her current confinement, and that confinement resulted from the Orange County Superior Court's resentencing. So I would actually argue that 24-D1-A is what is applicable here, and that this is a final judgment that she received from the Orange County Resentencing Court, which led to the statute of limitations running. Do you want to save your remaining time for rebuttal? Yes, Your Honor. Thank you. Good morning, Your Honor. Anthony Disilva, Deputy Attorney General for the Respondent, may it please the Court. The district court correctly determined that the statute of limitations as to claims 1, 2, or 3 involved a state adjudication of administrative proceeding, which was triggered under the statute of limitations under 2244-D1-D. Let me just ask you this question. Is the 1998 sentence imposed by the Superior Court a judgment? Can a sentence imposed by the Superior Court after being returned by the CYA ever fall within 2244-D1-A? Your Honor, in this case the sentence has always been 26 years to life. That was imposed in 1994. What occurs upon a return from the Youthful Offender Parole Board is basically a ministerial task as the district court found. The trial court could do only one thing, which is then to send this mortgagee to the custody of the adult facility. It did not consider any new evidence. It did not consider any new factors. This is, as we submit our 26-J letter, what occurred in Magwood, what occurred in Burton, where new factors triggered a new sentence, and therefore 2244-D1-A would apply in that situation, even though those cases had to do with second or successful petitions. This case is different because there were no new factors. It is purely a ministerial task. It is to give, in essence, this mortgagee, which unfortunately had passed into the adult facility, into the custody of the California Department of Corrections and Rehabilitation. So would you say even the fourth claim, the double jeopardy claim, versus the sentence that was given, or the resentence, is also untimely? Or how should we analyze that fourth claim if that's not before us? Arguably, Your Honor, we thought it could be untimely because it was never appealed. We had a 1994 judgment, a 26-year license that was never appealed. But because of the ministerial act that occurred, we had what was considered to be a resentence. It's unclear under California law. It seems like if the resentence raised some issues, it could be challenged and would be a new judgment because the habeas petitioner couldn't know what went wrong at the resentence. But the resentence, in this case, Your Honor, I'm sorry, it is purely ministerial. As you say, they just appear before the court. And the court says, we're going to now send you to the adult facility. Doesn't the statute allow some discretion on the part of the court to change the sentence? I don't believe so. I think there are cases that have said that, if I'm remembering it right. I'm not seeing them now, but I remember reading some cases that said there's some discretion, it's a new sentence. Assuming that it is a new sentence and it isn't purely ministerial, could the habeas petitioner challenge that as a new judgment? If there is that, Your Honor, yes, I would say so. Potentially it could be sentenced. But then the challenge is directly and only to the sentence where here grounds 1, 2, and 3, as the district court correctly found, the thrust, the nature was as to the state adjudication of an administrative proceeding and not the sentence itself. And how about the question, if one claim is timely, that pulls along all the other claims and makes them timely. At least one circuit has so held. I think in this case, because the claims are different and in red, this court said that in that kind of situation, 224D1A would not apply to a state administrative adjudication. I don't believe you would get any sort of tolling for that. Excuse me, counsel, isn't red distinguishable? That didn't involve a later judicial proceeding. That's correct. It involved an administrative adjudication, which is what is being challenged in grounds 1, 2, and 3 of Ms. Martzich's petition. So in Solios, we went through that situation, and we ruled that we determined statute of limitations on a claim-by-claim basis going with the three circuits that have gone that way, not with the one that has not. But then Solios was vacated on other grounds, so it's no longer binding on us. Okay, so we don't have a ruling on that here. So what's your recommendation? How would you analyze that situation? I would analyze the claims being completely different. Normally, if it had to do with the factor of duration, then we would have a 2254 situation. In this case, Ms. Martzich could have brought a petition under 2241 right after the administrative adjudications occurred, which could have been done. Why is that? Because Shelby says the 2254 is the only way to challenge for a state prisoner in custody. That's the only way to challenge an administrative decision. An administrative decision, Your Honor? If that's the case, then I still believe that the claims are different because we do have an administrative adjudication as opposed to a sentence. In this case, again, we don't have the additional factors of a resentence that occurred in Magwood or Burton, so I believe the claims should be distinguished. Unless this Court has any questions? I have no questions. Thank you, Your Honor. Thank you, Your Honor. This Court asked whether the Orange County resentencing courts tasked were purely ministerial or if they had some discretion or power. And what I would argue is that the Orange County Superior, Ms. Martzich first, raised her 1737.1 claims before that Court, and that Court had the discretion or the power to make a ruling on whether her return order was lawful. And again, Your Honor, this is true because the Youth Authority and the Youthful Offender Parole Board simply do not have the power as administrative agencies to impose a new sentence on Ms. Martzich and to treat her as an adult offender in the custody of the California Department of Corrections. And the 1737. . . We disagree that it's just ministerial. The government says once there was a return order, the Orange County Court had no choice but to impose the sentence. It did, so it was a purely ministerial action. Do you agree with that? Absolutely, Your Honor. I agree that it was not a ministerial action. That Court had the power to decide whether the return order itself was lawful, and it was required by law to do so. The Welfare and Institutions Code 779, Section 779, allows the committing court to alter, modify, or vacate an order to the commitment of the juvenile to the Youth Authority. And Welfare and Institutions Code 7, Section 780, says that the Youth Authority cannot relieve itself of its duty until a commitment court vacates, modifies, or alters the decision to set a commitment order for a return of a minor. And so that court has the power to decide what to do with Ms. Martzich, and in this case, it chose to find that the return order was lawful. But isn't the question here, yes, they have the option to decide that the return order was appropriate or inappropriate, but as I understood opposing counsel saying the sentence had been set before 26 to life if she was returned, did the court have the discretion to change that sentence? Absolutely, Your Honor, because the 1993 sentence was a separate judgment of a conviction from the 1998 resentencing. This was a new judgment of conviction, which again, the state cites to Magwood v. Patterson. This was a new judgment, and the statute of limitations begins to run at the conclusion of her challenge to that new sentence. There's no California case that so holds, though, right? I mean, that's your interpretation of the statute, because to me the statute was ambiguous. Yes, Your Honor, there is no court case that directly cites that proposition. But again, what I would say is that the Welfare and Institutions Code 779 and 780 make clear that it's the commitment court's power to resentence Ms. Martzich, and that is what happened here. This is a new judgment of conviction because that court is vested with the power to resentence, not the Youth Authority and not the Youthful Offender Parole Board. Those administrative agencies simply do not have the power to resentence Ms. Martzich. Your time is up, so we appreciate your argument. Thank you, Your Honors. This case is submitted. I'd like to add, I'd like to commend the argument here and thank the student who appeared, and his supervisor was very well done on both sides. Thank you, Your Honor. The next case, United States v. Carpenter, was submitted on the brief. So we'll next hear the first of two cases, which are L.A. Printics Industries v. AeroPostal Incorporated, and the first one we'll hear is number 10-56149. Thank you. When you're ready. Thank you.
judges: Nelson, Gould, Ikuta